UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                  #8 (10/5)

| Case No. | CV 20-5714 PSG (SPx) | Date | September 30, 2020 |
|---|---|---|---|
| Title | Audra Lundin v. SF Markets, LLC, et al. | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     **The Court DENIES Plaintiff's motion to amend and to remand**

Before the Court is a motion for leave to amend the complaint and to remand filed by Plaintiff Audra Lundin ("Plaintiff"). *See* Dkt. # 8 ("*Mot.*"). Defendant SF Markets, LLC ("Defendant") opposed.[1] *See* Dkt. # 10 ("*Opp.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court **DENIES** Plaintiff's motion to amend and to remand.

I.     <u>Background</u>

Plaintiff, a citizen of California, injured herself in a slip-and-fall at one of Defendant's stores. *See Complaint*, Dkt. # 1-1 ("*Compl.*"), at 4. As a result, she filed suit against Defendant in the Los Angeles County Superior Court on June 28, 2019. *See Notice of Removal*, Dkt. #1 ("*NOR*"), ¶ 1; *see generally Compl.*

Plaintiff brought two causes of action:

> <u>First Cause of Action</u>: general negligence. *Compl.* at 5.

> <u>Second Cause of Action</u>: premises liability. *Id.* at 6.

Plaintiff served Defendant on December 3, 2019. *See Mot.* at 10. On June 26, 2020, Defendant removed the case to this Court based on diversity jurisdiction. *See NOR* ¶¶ 7–9. Plaintiff now moves to remand the case to the Superior Court. *See generally Mot.*

---

[1] The Court refers to Defendant as SF Markets, LLC, even though Plaintiff erroneously sued Defendant in this case as Sprouts Farmers Market. *See Opp.* 1:5–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5714 PSG (SPx) | Date | September 30, 2020 |
|---|---|---|---|
| Title | Audra Lundin v. SF Markets, LLC, et al. | | |

Plaintiff argues that Defendant failed to timely remove the case. *See id.* 4:7–5:6. Plaintiff also seeks to amend her complaint to name and join a previously unidentified Doe defendant, whose presence would destroy complete diversity. *Id.* 5:12–8:23. She argues that remand is appropriate on that basis as well. *Id.* The Court finds that removal was timely and does not grant leave to amend. Therefore, the Court **DENIES** Plaintiff's motion.

II.     Legal Standard

A.     Removal

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

B.     Amendment to Join a Defendant under 28 U.S.C. § 1447

A court has discretion whether to allow a plaintiff to amend a removed complaint in a manner that would destroy complete diversity. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

In exercising this discretion, courts consider "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a);" (2) whether the claim against the new defendant would be barred by the statute of limitations if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5714 PSG (SPx) | Date | September 30, 2020 |
|---|---|---|---|
| Title | Audra Lundin v. SF Markets, LLC, et al. | | |

the court denied joinder; (3) whether joinder has been inexplicably delayed; (4) whether joinder "is solely for the purpose of defeating federal jurisdiction," such as by eliminating complete diversity; and (5) whether the claim against the party sought to be joined seems valid. *See Clinco*, 41 F. Supp. 2d at 1082.

III.    Discussion

    A.    Timeliness of Removal

The removal statute provides that a notice of removal must be filed either (1) within thirty days after the defendant is served with the initial pleading, or (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)–(3); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005).

Plaintiff served Defendant with the complaint on December 3, 2019, but Defendant did not remove the case until June 26, 2020. *See NOR* ¶ 2. Accordingly, Plaintiff asserts that removal was untimely. *See Mot.* 4:4–5:6.

Defendant argues that it did not receive notice that over $75,000 was in controversy until June 3, 2020, when it received a "Pain Management Treatment Plan" from Plaintiff's physician. *See id.* ¶ 8. The "Treatment Plan" purportedly identified the cost of future treatment as $174,500 or more. *See id.* ¶ 8; Dkt. # 10-4 at 15–16. Until Defendant received the treatment plan, Plaintiff had not claimed any specific amount of damages or produced any medical bills. *Opp.* 14:9–13.

Plaintiff counters that she produced all documentary evidence and discovery responses to Defendant on April 30, 2020, and that she "has no knowledge of any future medical treatment plan and does not have indication that this future medical treatment plan is correct." *Mot.* 4:24–5:6. She also argues that the Court should not consider the treatment plan because it "contains multiple levels of hearsay" and presents privacy issues. *Id.* 5:1–6. The Court agrees with Defendant.

Defendant has submitted a report that indicates the amount of controversy likely exceeds $75,000 by a wide margin. *See* Dkt. # 10-4 at 15–16. Moreover, this report does not come from an unidentified source whose credibility is questionable—it comes from a doctor who treated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5714 PSG (SPx) | Date | September 30, 2020 |
|---|---|---|---|
| Title | Audra Lundin v. SF Markets, LLC, et al. | | |

Plaintiff and whom she, herself, identified as such in discovery. *See Opp.* 3:10–20. And, tellingly, although Plaintiff claims that she has no knowledge of the treatment plan, Plaintiff never actually disputes that the amount in controversy requirement is met in this case. Therefore, under § 1446(b)(2)–(3), Defendant did not receive notice that the action was removable until June 3, 2020, and its removal of the action twenty-three days later was timely. Accordingly, the Court **DENIES** Plaintiff's motion to remand on this ground.

   B.     Motion to Amend

   Plaintiff also argues that remand is appropriate because she now moves to amend her complaint to name and join a previously unidentified Doe defendant, whose presence would destroy complete diversity. *Mot.* 5:12–8:23. Specifically, Plaintiff seeks to join William Meyers, a California citizen, who was the supervisor and manager of Defendant's store when Plaintiff fell. *Id.* 2:7–9, 3:7–13.

      i.     *Just Adjudication and Rule 19(a)*

   The Court first considers "whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a)." *See Clinco*, 41 F. Supp. 2d at 1082.

   Here, Meyers is not a required party under Rule 19(a) because his presence would deprive the Court of subject matter jurisdiction. *See* Fed. R. Civ. P. 19(a)(1) ("A person . . . *whose joinder will not deprive the court of subject-matter jurisdiction* must be joined as a party if [certain conditions are met]." (emphasis added)).

   Plaintiff nonetheless argues that joinder is required because she has potential claims against Meyers, and if he is not joined, her recovery may be limited. *See Mot.* 6:18–7:9. For example, Defendant could "limit its liability for noneconomic damages by proving . . . Defendant Meyers[] was partly or entirely to blame for Plaintiffs' injuries." *See id.* 6:22–7:4. Plaintiff would then have to file a second lawsuit to recover those damages. *See id.* 7:5–9.

   Defendant counters that the amendment does not alter the allegations in the complaint, and that, absent extraordinary circumstances not alleged in the complaint, Defendant will be liable for Meyers' conduct under the doctrine of *respondeat superior*. *Opp.* 9:5–17.

   Here, Plaintiff has not persuaded the Court that joinder is necessary for a just

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5714 PSG (SPx) | Date | September 30, 2020 |
|---|---|---|---|
| Title | Audra Lundin v. SF Markets, LLC, et al. | | |

adjudication of her claims.  Plaintiff offers no reasons to believe that Meyers' conduct will partially preclude her claims against Defendant, and that, therefore, she cannot fully recover in Meyers' absence.  Because Plaintiff only speculates that she will not be able to fully recover—without any factual or legal basis supporting her theory—this factor weighs against granting her motion.

### ii.    Statute of Limitations

Second, the Court considers whether the claim against the new defendant would be barred by the statute of limitations if joinder is denied.  *Clinco*, 41 F. Supp. 2d at 1082.

Defendant concedes that this factor weighs in favor of joinder because the statute of limitations would bar Plaintiff's claim against Meyers.  *Opp.* 9:19–24.

### iii.    Unexplained Delay

Third, the Court considers whether joinder has been inexplicably delayed.  *See Clinco*, 41 F. Supp. 2d at 1082.

Plaintiff argues that the she did not delay moving to amend because Plaintiff was unable to ascertain Meyers' identity until "undertaking investigatory efforts to prepare for disclosures in this case." *Mot.* 7:12–15.  Defendant counters that Plaintiff served the complaint in December 2019, and, since then, the parties have exchanged written discovery.  *See Opp.* 10:1–8. Therefore, Defendant argues that Plaintiff had plenty of time to investigate the identities of its employees, but Plaintiff failed to do so until Defendant removed the case.  *Id.*

The Court agrees with Defendant.  Plaintiff has had ample time to ascertain the identities of Defendant's employees, and her failure to investigate and join such employees until now weighs against amendment.

### iv.    Purpose of Defeating Jurisdiction

Fourth, the Court considers whether joinder "is solely for the purpose of defeating federal jurisdiction."  *See Clinco*, 41 F. Supp. 2d at 1082.

Plaintiff argues that her inclusion of Doe defendants in her complaint indicates that her motive for joining Meyers is valid.  *Mot.* 7:17–23.  Defendant counters that Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-5714 PSG (SPx) | Date | September 30, 2020 |
| Title | Audra Lundin v. SF Markets, LLC, et al. | | |

amendment to the complaint adds nothing substantive and that, other than naming Meyers as a defendant, the complaint would be functionally identical after amendment. *Opp.* 10:10–23.

The Court agrees that Plaintiff's motivation for seeking to amend is suspicious. While neither party identifies the date on which Plaintiff ascertained Meyers' identity, she chose to file her motion to amend a month after removal and concurrently with her challenge to removability, and the amendment seeks to make no substantive changes to the complaint. It is reasonable to infer that destroying diversity and obtaining a remand motivated her decision, at least in part. Accordingly, this factor weighs slightly against amendment.

> v.      *Validity of Claim*

Finally, the Court considers whether the claim against the party sought to be joined seems valid. *See Clinco*, 41 F. Supp. 2d at 1082.

Here, Plaintiff alleges that Meyers was the supervisor of the store when she was injured. Therefore, taking the allegations in the complaint as true, her claim seems valid. This factor weighs in favor of amendment.

> vi.      *Weighing the Factors*

On balance, the Court concludes that joinder is not appropriate. While the statute of limitations has run and Plaintiff seems to have a valid claim against Meyers, (1) Plaintiff has not persuaded the Court that just adjudication requires joinder, (2) she inexplicably delayed seeking amendment, and, (3) at least in part, her purpose is to defeat subject matter jurisdiction. Accordingly, the Court **DENIES** Plaintiff's motion to amend the complaint, and, therefore, **DENIES** Plaintiff's motion to remand based on lack of complete diversity.

IV.    Conclusion

The Court **DENIES** Plaintiff's motion to amend her complaint. Therefore, the Court **DENIES** Plaintiff's motion to remand for lack of diversity jurisdiction. The Court also **DENIES** Plaintiff's motion to remand because removal was timely.

**IT IS SO ORDERED.**